UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-936 RLW |
| ) | |
| DR. JOHN WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed plaintiff's extensive prior filings in federal court, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. In addition, plaintiff has not adequately asserted that he is in "imminent danger of serious physical injury." As such, plaintiff's complaint is subject to dismissal without prejudice to the filing of a fully paid complaint. Rather than dismissing outright, however, the Court will hold plaintiff's motion for leave to proceed in forma pauperis in abeyance, and direct him to file an amended complaint according to the instructions set forth herein.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. On September 3, 2020, he began filing civil actions in the United States District Court for the Eastern District of Missouri, each time seeking leave to proceed in forma pauperis. Plaintiff's first case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was dismissed on December 14, 2020, due to plaintiff's failure to

exhaust available state remedies. *Engel v. Payne*, No. 4:20-CV-1211 DDN (E.D. Mo. Dec. 14, 2020). Subsequently, plaintiff began filing prisoner civil rights complaints under 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, stating that he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff sued numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and often nonsensical allegations. *See, e.g., Engel v. Corizon, et al.*, No. 4:20-CV-1695 NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); and *Engel v. CO1, et al.*, No. 4:20-CV-1923 HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name).

Plaintiff often sought forms of relief that were unrelated to his claims, requesting stocks, properties, outfitted luxury vehicles, and college scholarships from both parties and non-parties. *See, e.g., Engel v. United States of America, et al.*, No. 4:20-CV-1742 MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus, et al.*, No. 4:20-CV-1911 AGF (E.D. Mo. Dec. 11, 2020) (seeking $8,900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). He also sought relief on behalf of individuals other than himself. *See, e.g., Engel v. CO1, et al.*, No. 4:20-CV-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"). Plaintiff repeatedly referred to–and appeared to partially base his entitlement to relief upon–his status as a "sovereign citizen." *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-CV-217-HEA (E.D. Mo. Oct. 7, 2020).

Because plaintiff was proceeding in forma pauperis, his cases were reviewed under 28 U.S.C. § 1915. Based on those reviews, plaintiff's cases were dismissed, either for one of the

reasons articulated within § 1915(e)(2)(B),[1] or because plaintiff failed to comply with Court orders.

In *Engel v. Missouri Courts, et al.*, No. 4:20-CV-1258 SPM (E.D. Mo. Dec. 21, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed in forma pauperis, as well as potentially subject him to sanctions. Despite this warning, plaintiff continued the practice.

As of December 31, 2020, plaintiff had filed more than 130 civil actions. By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff was denied leave to proceed in forma pauperis without prejudice to him filing a fully paid complaint. In addition to the numerous cases filed by plaintiff, the Court has received civil actions filed by prisoners other than plaintiff, but which were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those plaintiff asserted in actions on his own behalf. *See, e.g., Herron v. ERDCC, et al.*, No. 4:21-CV-527 NAB (E.D. Mo. May 3, 2021).

On June 9, 2021, after a pause in filings, plaintiff once again began submitting 42 U.S.C. § 1983 actions on his own behalf. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded the Court's prior warning to avoid engaging in abusive litigation practices. As of the date of this order, he has filed more than 160 cases in total.

---

[1]For example, in many of plaintiff's actions, the Court found that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). It was determined that many of his complaints were also subject to dismissal as malicious, based upon the nature of his pleadings and his abusive litigation practices. *See, e.g., Engel v. Prob. & Parole of Mo., et al.*, No. 4:20-CV-1740 DDN (E.D. Mo. Dec. 22, 2020) (listing twenty-nine of plaintiff's cases in which the Missouri Department of Corrections was named as a defendant); and *Engel v. Corizon, et al.*, No. 4:20-CV-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing plaintiff's litigation practices as part of an attempt to harass named defendants, and not as a legitimate attempt to vindicate a cognizable right).

Plaintiff filed the instant action on July 19, 2021 in the United States District Court for the Western District of Missouri. *Engel v. Williams, et al.*, No. 21-0523-cv-W-SRB-P (W.D. Mo.). Along with the complaint, plaintiff filed papers construed as a motion for leave to proceed in forma pauperis. The complaint concerned plaintiff's conditions of confinement at the MECC, where he claimed he was being denied treatment for a hernia.

On July 21, 2021, the Western District determined that plaintiff was subject to the "three-strikes rule" found in 28 U.S.C. § 1915(g). However, because plaintiff's complaint contained allegations regarding medical care, the Western District transferred the matter to this Court for a determination of whether plaintiff should be allowed to proceed under § 1915(g)'s "imminent danger" exception.

**The Complaint**

Plaintiff's complaint is on a Court-provided 42 U.S.C. § 1983 form. He names three defendants: Dr. John Williams; Corizon; and the Missouri Department of Corrections. (Docket No. 1 at 1). Dr. Williams is sued in both his individual and official capacities.

With regard to his "Statement of Claim," plaintiff asserts that as of July 6, 2021, he was still "on [the] top bunk in [severe] pain" due to a hernia that is "getting bigger." (Docket No. 1 at 3). He states that this situation has gone on "almost 4 months" and that at one point he had been "approved … for [removal]." Removal has not occurred, however, and plaintiff reports that he has been advised that "they were just patching the hole where it [popped] out at."

Based on these allegations, plaintiff states that his "civil rights," "civil liberty rights," and "prisoner rights" have been violated. He further asserts that his physical and mental health is "getting worse" from the trauma of his rights being violated. As a result, plaintiff seeks $16 million in damages for himself, as well as $50,000 "for each person and 401k plans with them putting $20,000 … in." (Docket No. 1 at 4).

**Discussion**

Plaintiff is a self-represented litigant who seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. While he has been incarcerated, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. In addition, as discussed below, his allegations do not sufficiently demonstrate that he is in "imminent danger of serious physical injury." Nevertheless, plaintiff will be given the opportunity to file an amended complaint that provides specific facts showing that he is in imminent danger.

**A.  28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id*. at 541. For purposes of this section, a dismissal for failure to state a claim counts as a strike

5

whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

### B. Plaintiff's Previous "Strikes"

All told, plaintiff has filed more than 160 cases in the United States District Court for the Eastern District of Missouri. Most of these have been dismissed for frivolity, maliciousness, or failure to state a claim. *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-CV-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-CV-1742 MTS (E.D. Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-CV-1258 SPM (E.D. Mo. Dec. 21, 2020). These three strikes, and many more, occurred before the filing of the instant action.

Due to the numerous pre-service dismissals plaintiff has accumulated, this Court has determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g), and has denied him leave to proceed in forma pauperis. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-CV-1941 DDN (E.D. Mo. Jan. 27, 2021). The United States Court of Appeals for the Eighth Circuit has also determined that plaintiff is a three-striker. *See, e.g., Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating, "This court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

### C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Even so, under 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th

whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

### B. Plaintiff's Previous "Strikes"

All told, plaintiff has filed more than 160 cases in the United States District Court for the Eastern District of Missouri. Most of these have been dismissed for frivolity, maliciousness, or failure to state a claim. *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-CV-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-CV-1742 MTS (E.D. Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-CV-1258 SPM (E.D. Mo. Dec. 21, 2020). These three strikes, and many more, occurred before the filing of the instant action.

Due to the numerous pre-service dismissals plaintiff has accumulated, this Court has determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g), and has denied him leave to proceed in forma pauperis. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-CV-1941 DDN (E.D. Mo. Jan. 27, 2021). The United States Court of Appeals for the Eighth Circuit has also determined that plaintiff is a three-striker. *See, e.g., Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating, "This court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

### C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Even so, under 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th

Cir. 2003). For this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. With regard to pleading requirements, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

In this case, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. Instead of the "specific fact allegations" that are necessary for this exception to apply, plaintiff's "Statement of Claim" is vague and lacking in any detail. He states he has been in severe pain for almost four months, but does not allege that he has been denied medical treatment for that pain, or that the four months he mentions amounts to an intentional denial or delay of treatment.

Plaintiff also notes that he has been advised that the hernia would be removed, but that now they are "just patching the hole." There is nothing to indicate that this mode of treatment is inappropriate, or that plaintiff's medical condition is being ignored. Certainly, plaintiff has not presented facts showing that defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). At most, plaintiff appears to be suggesting a disagreement over his course of treatment, which is not constitutionally actionable. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions … does not rise to the level of a constitutional violation"). In any event, plaintiff alleges no facts to show that his treatment is medically inappropriate, that it has caused him a serious physical injury, or that he is likely to suffer a serious physical injury without intervention.

Despite these deficiencies, the Court notes that plaintiff has indicated that he suffers from a serious medical need. *See Edmonds v. Meyer*, 842 F. App'x. 13 (8th Cir. 2021) (stating that plaintiff's "inguinal hernia is an objectively serious medical need"). Consequently, he will be given the opportunity to file an amended complaint, according to the instructions set forth below.

### D. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

The Court notes that in the instant complaint, plaintiff failed to make any direct allegations against any of the defendants. For example, even though he named Dr. Williams as a defendant, there are no facts in the "Statement of Claim" regarding what Williams did or did not do to harm him. In his amended complaint, the Court advises plaintiff that he is required to allege facts demonstrating the personal responsibility of each defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

**In his amended complaint, plaintiff must specifically address the issue of imminent danger**. That is, he must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See Martin*, 319 F.3d at 1050. Plaintiff must provide facts about the nature of his medical condition; when his condition arose; what treatment has or has not been provided; and who is responsible for plaintiff's treatment. He must also present facts that demonstrate that the treatment he is receiving – or lack thereof – puts him at risk for serious physical injury.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that any claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922,

928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to demonstrate that he is in imminent danger of serious physical injury, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and dismiss this action without prejudice to the filing of a fully paid complaint. If plaintiff fails to file an amended complaint on a Court-provided form by **December 20, 2021**, in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form by **December 20, 2021**, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint by **December 20, 2021**, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 18th day of November, 2021.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**