# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21-CV-936-RLW |
| DR. JOHN WILLIAMS, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On November 18, 2021, the Court ordered plaintiff Joseph Michael Devon Engel to file an amended complaint on a Court-provided form. (Docket No. 7). He was given thirty days in which to comply. The Court has not received a response. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. On September 3, 2020, he began filing civil actions in the United States District Court for the Eastern District of Missouri, each time seeking leave to proceed in forma pauperis. Plaintiff's first case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was dismissed on December 14, 2020, due to plaintiff's failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN (E.D. Mo. Dec. 14, 2020). Subsequently, plaintiff began filing prisoner civil rights complaints under 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, stating that he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff sued numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and often nonsensical allegations. *See, e.g., Engel v. Corizon, et al.*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); and *Engel v. CO1, et al.*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name).

Plaintiff often sought forms of relief that were unrelated to his claims, requesting stocks, properties, outfitted luxury vehicles, and college scholarships from both parties and non-parties. *See, e.g., Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus, et al.*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). He also sought relief on behalf of individuals other than himself. *See, e.g., Engel v. CO1, et al.*, No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"). Plaintiff repeatedly referred to – and appeared to partially base his entitlement to relief upon – his status as a "sovereign citizen." *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Oct. 7, 2020).

Because plaintiff was proceeding in forma pauperis, his cases were reviewed under 28 U.S.C. § 1915. Based on those reviews, plaintiff's cases were dismissed, either for one of the

reasons articulated within § 1915(e)(2)(B),[1] or because plaintiff failed to comply with Court orders.

In *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed in forma pauperis, as well as potentially subject him to sanctions. Despite this warning, plaintiff continued the practice.

As of December 31, 2020, plaintiff had filed more than 130 civil actions. By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff was denied leave to proceed in forma pauperis without prejudice to him filing a fully-paid complaint. In addition to the numerous cases filed by plaintiff, the Court has received civil actions filed by prisoners other than plaintiff, but which were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those plaintiff asserted in actions on his own behalf. *See, e.g., Herron v. ERDCC, et al.*, No. 4:21-cv-527-NAB (E.D. Mo. May 3, 2021).

On June 9, 2021, after a pause in filings, plaintiff once again began submitting 42 U.S.C. § 1983 actions on his own behalf. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded the Court's prior warning to avoid engaging in abusive litigation practices. As of the date of this order, he has filed more than 160 cases in total.

---

[1] For example, in many of plaintiff's actions, the Court found that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). It was determined that many of his complaints were also subject to dismissal as malicious, based upon the nature of his pleadings and his abusive litigation practices. *See, e.g., Engel v. Prob. & Parole of Mo., et al.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing twenty-nine of plaintiff's cases in which the Missouri Department of Corrections was named as a defendant); and *Engel v. Corizon, et al.*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing plaintiff's litigation practices as part of an attempt to harass named defendants, and a not a legitimate attempt to vindicate a cognizable right).

Plaintiff filed the instant action on July 19, 2021 in the United States District Court for the Western District of Missouri. *Engel v. Williams, et al.*, No. 21-0523-cv-W-SRB-P (W.D. Mo.). Along with the complaint, plaintiff filed papers construed as a motion for leave to proceed in forma pauperis. The complaint concerned plaintiff's conditions of confinement at the MECC, where he claimed he was being denied treatment for a hernia.

On July 21, 2021, the Western District determined that plaintiff was subject to the "three-strikes rule" found in 28 U.S.C. § 1915(g). However, because plaintiff's complaint contained allegations regarding medical care, the Western District transferred the matter to this Court for a determination of whether plaintiff should be allowed to proceed under § 1915(g)'s "imminent danger" exception.

Plaintiff's complaint was on a Court-provided 42 U.S.C. § 1983 complaint form, and named Dr. John Williams, Corizon, and the Missouri Department of Corrections as defendants. (Docket No. 1 at 1). Dr. Williams was sued in both his individual and official capacities.

With regard to his "Statement of Claim," plaintiff asserted that as of July 6, 2021, he was still "on [the] top bunk in [severe] pain" due to a hernia that is "getting bigger." (Docket No. 1 at 3). He stated that this situation had gone on for "almost 4 months" and that at one point he had been "approved…for [removal]." Removal had not occurred, however, and plaintiff reported that he had been advised that "they were just patching the hole where it [popped] out at."

Based on these allegations, plaintiff asserted that his "civil rights," "civil liberty rights," and "prisoner rights" had been violated. He further asserted that his physical and mental health was "getting worse" from the trauma of his rights being violated. As a result, plaintiff sought $16 million in damages for himself, as well as $50,000 "for each person and 401k plans with them putting $20,000 … in." (Docket No. 1 at 4).

4

On November 18, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. (Docket No. 7). Based on that review, the Court noted that plaintiff, while incarcerated, had filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or for failure to state a claim. Indeed, plaintiff had filed more than 160 cases in the United States District Court for the Eastern District of Missouri, most of which had been dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020). These three strikes – and many others – occurred before the filing of the instant action.

Due to the numerous pre-service dismissals plaintiff had accumulated, this Court previously determined that he was subject to the three-strikes provision in 28 U.S.C. § 1915(g), and had denied him leave to proceed in forma pauperis. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-cv-1941-DDN (E.D. Mo. Jan. 27, 2021). Additionally, the United States Court of Appeals for the Eighth Circuit had also determined that plaintiff was a three-striker. *See, e.g., Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating that "[t]his court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, plaintiff could not proceed in forma pauperis unless the imminent danger exception applied to his complaint.

The Court determined that plaintiff had not demonstrated that the imminent danger exception of 28 U.S.C. § 1915(g) applied to his case. (Docket No. 7 at 7). Instead, plaintiff's vague facts appeared only to evince a disagreement over the course of his treatment, which is not constitutionally actionable. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating

5

that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation"). Nevertheless, the Court noted that plaintiff had arguably indicated the existence of a serious medical need. *See Edmonds v. Meyer*, 842 Fed. Appx. 13 (8th Cir. 2021) (stating that plaintiff's "inguinal hernia is an objectively serious medical need"). Thus, plaintiff was given an opportunity to file an amended complaint.

To aid the filing of his amended complaint, plaintiff was sent a copy of the Court's prisoner civil rights complaint form. He was also provided with instructions on properly amending. Plaintiff was given thirty days in which to comply. The Court advised him that the failure to comply within thirty days would result in the dismissal of this action without prejudice and without further notice. The Court also explained that it was holding plaintiff's motion for leave to proceed in forma pauperis in abeyance, pending a demonstration that plaintiff was in imminent danger of serious physical injury.

**Discussion**

On November 18, 2021, the Court ordered plaintiff to file an amended complaint on a Court-form within thirty days. The amended complaint was due on or before December 20, 2021. In the Court order, plaintiff was warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to comply. Despite being given additional time, he has not submitted an amended complaint, nor sought an extension of time in which to do so. The Court has had no communications from plaintiff regarding this case since it was originally filed in the Western District of Missouri.

6

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's Order of November 18, 2021, and has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's Order of November 18, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of December, 2021.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**